IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER A. PRYSOK,

                Plaintiff,

v.

TOWN OF BELL,

                Defendant.

OPINION and ORDER

24-cv-576-wmc

---

Plaintiff Christopher A. Prysok, representing himself, alleges that defendant Town of Bell violated his constitutional rights and federal law by denying him a permit to use its pier for his kayaking business. Dkt. 1. He has filed a motion to compel defendant to respond to his September 29, 2025 discovery requests, arguing that defendant failed to respond by the parties' agreed-upon November 14, 2025 deadline. Dkt. 21 & Dkt. 22-2.

Upon the prompting of plaintiff's motion, defendant emailed its discovery responses to plaintiff on December 11, 2025—nearly a month late. Dkt. 26-1. Defense counsel attests that she learned on November 14, 2025 that the town clerk "was still looking for responsive documents and was going to be out of the county for the next three weeks," which caused a delay in production. Dkt. 26, ¶ 3. Counsel did not communicate this expected delay to plaintiff before or even on the November 14 deadline, apparently because she did not believe it was a concern for plaintiff—she says that she did not receive any communications from plaintiff after October 30, 2025. *Id.*, ¶ 4. Plaintiff disagrees, reporting that he emailed counsel about the issue on November 17 and 24, 2025. Dkt. 21 at 2.

The parties' breakdown in communication is disappointing, but this breakdown is not a basis to compel production of information that has now been provided. Because plaintiff has

received defendant's discovery responses, the motion to compel is now moot and is DENIED for that reason.

Plaintiff also seeks sanctions under Federal Rule of Civil Procedure 37 in the form of "the establishment of facts" and his expenses incurred for having to file a motion due to defendant's "total failure to participate in discovery." Dkt. 21 at 2. Rule 37(d) provides for sanctions when a party fails to respond to interrogatories or a request for inspection. Fed. R. Civ. P. 37(d)(1)(A)(ii). When sanctioning a party for discovery violations, a district court should consider (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Plaintiff received defendant's discovery responses approximately one month after the parties agreed, but plaintiff has not shown how he was prejudiced by this delay, and the court is hard-pressed to find any unfair prejudice or disruption to the schedule. Plaintiff had already filed his motion for summary judgment and supporting materials before his motion to compel, and there is still plenty of time left for additional discovery, with discovery closing approximately seven months from now on August 14, 2026. *See* Dkt. 14; Dkt. 21; Dkt. 12 at 7. Plaintiff did expend some time in preparing his motion to compel, but it was not so excessive that the court can call it an unreasonably undue burden. Also, there is a question as to whether plaintiff could have avoided the motion entirely had he made one final good faith effort to contact counsel. Parties are not required to incessantly hound the other side to comply with their discovery obligations, but they are expected to make reasonable efforts. One more try may have avoided this dispute entirely.

Defendant's failure to communicate with plaintiff was a misstep, but it appears to be a one-off, and the court sees no evidence that it was done willfully or in bad faith. *See Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) ("Rule 37 sanctions may only be imposed where a party displays willfulness, bad faith, or fault."). Rather, defendant was in the process of gathering responsive documents as the deadline approached, which undercuts any notion that defendant was avoiding its discovery obligations. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (fault, in contrast to willfulness or bad faith, does not require a showing of intent and presumes that the sanctioned party had "extraordinarily poor judgment," rather than mere mistake or carelessness). In light of the record, the court will issue an admonishment and remind the parties that the rules require, and the court expects parties and their counsel to stay in communication regarding discovery, to approach discovery and other litigation obligations cooperatively, and to remain civil and courteous as the case goes forward. This is sufficient to address the issues raised in plaintiff's motion, and the circumstances do not require any other sanction at this time. *See* Fed. R. Civ. P. 37(d)(3).

For these reasons, the court will GRANT in part and DENY in part plaintiff's motion for sanctions. If any discovery disputes remain, the parties are reminded of their obligation to meet and confer in good faith before seeking court intervention. *See* Dkt 12 at 8–9 (discussing the meet and confer requirement). As for plaintiff's arguments about whether the recently produced discovery responses implicate his already-submitted proposed statements of fact, *see* Dkt. 27 at 2–3 & Dkt. 34, he may seek leave to supplement his summary judgment materials by filing a motion with the court attaching the proposed supplement and explaining his reasons for supplementation. He should do this promptly, but no later than the originally set deadline for dispositive motions.

ORDER

IT IS ORDERED that plaintiff's motion to compel and for sanctions, Dkt. 21, is GRANTED in part and DENIED in part.

Entered January 15, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge