IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER A. PRYSOK,

                              Plaintiff,

    v.

TOWN OF BELL,

                              Defendant.

OPINION AND ORDER

24-cv-576-wmc

Representing himself, plaintiff Christopher Prysok claims that the defendant Town of Bell denied him a permit to use its pier for his kayaking business in violation of the Procedural Due Process Clause of the Fourteenth Amendment and Excessive Fine Clause of the Eighth Amendment. Several motions are now before the court. To begin, plaintiff filed a motion for leave to clarify the basis for his claim for damages (dkt. #11), which will be granted. Next, the parties have filed cross-motions for summary judgment (dkt. ##14, 39), followed by related motions to supplement plaintiff's summary judgment filings (dkt. #38) and to strike plaintiff's "proposed conclusions of law" (dkt. #28). Plaintiff's motion to supplement will be granted and defendant's motion to strike will be denied as moot. Finally, because plaintiff has failed to show that he received an excessive fine or was denied a protected property interest, for the reasons explained below, his motion for summary judgment will be denied, and defendant's cross-motion will be granted.

## UNDISPUTED FACTS[1]

Plaintiff Prysok owns Paddle Ride Adventure, LLC, which operates kayak tours on Lake Superior and is based in the Town of Bell, Wisconsin, near the Apostle Islands National Lakeshore.  In 2017, the local town board enacted Ordinance No. 01-17, titled "Ordinance Regulating Transient Merchants Located within the Town of Bell," requiring any "peddler, solicitor or vendor" who "engage[s] in the business of selling, displaying, [or] offering for sale any goods, merchandise or services of any kind within the Town" to first obtain a permit from the Town.  ((Dkt. #32-2 at 2.)  Permits issued under this ordinance are generally valid for 12 months unless revoked.  (*Id.* at 6.)

With respect to kayak or canoe outfitters specifically, Ordinance No. 01-17 requires permit applicants to provide certain documentation with the application, including proof of insurance and proof of a National Park Service permit.  (*Id.* at 4-5 ("Vendors planning kayak or canoe outfitting shall have US Park Service permits and follow US Park Service guidelines.").)  Further, the ordinance explains that the town board may deny a permit if:

> A. Required application information is incomplete or incorrect.
>
> B. Applicant is currently wanted on warrant for arrest;
>
> C. A permit fee has not been paid.
>
> D. There are fraudulent statements or omissions on permit application;
>
> E. The activity is not suitable or appropriate for the proposed location; or

---

[1] Unless otherwise indicated, the following undisputed facts are drawn from the parties' proposed findings of fact and responses, as well as other record evidence, where appropriate under local procedure.

2

  F. The applicant or, if the applicant is a corporation, one or more owners or members of the corporation, have had complaints reported to the Town related to the activities a Peddler, Solicitor or Vendor within the past two (2) years; and the Town Board, after review, finds the complaints valid.

(*Id.* at 2.)

In 2024, Prysok and his company, Paddle Ride Adventure, LLC, applied for a permit to the town board to operate kayak tours as required by Ordinance No. 01-17.  Prysok had previously applied for and been granted a similar permit to operate a separate, motorboat tour business.  At its August 13, 2024, meeting, the town board reviewed Prysok's permit application to operate kayak tours.  During the discussion of the permit, however, board members raised concerns about:  plaintiff Prysok's association with another operator who had caused problems in the past; the proposed location of the kayak operation not being in an approved or appropriate area; Prysok's failure to list on his application the make, model and license plate numbers of the vehicles he would use; and the lack of reference to a U.S. Parks Service permit for operating around the Apostle Island National Lakeshore.  Ultimately, the board voted unanimously to deny Prysok's application on grounds that it was incomplete and failed to comply with Ordinance No. 01-17.  After voting to deny the permit, a board member also made a motion to fine Prysok $7,000 for operating his kayak business for 14 days without a permit, but that motion failed and was subsequently withdrawn.  As a result, neither Prysok nor Paddle Ride Adventure ever received any citation or monetary fine from the Town of Bell for operating without a permit.

## OPINION

Summary judgment is appropriate if "the movant shows that there is no genuine

3

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That standard does not change when determining cross-motions for summary judgment, except that the court in turn "construe[s] all facts and inferences" in favor of each non-moving party. *Calumet River Fleeting, Inc. v. International Union of Operating Engineers, Local 150, AFL-CIO*, 824 F.3d 645, 647–48 (7th Cir. 2017). In this case, plaintiff is proceeding with two claims against the Town: (1) denial of his right to due process under the Fourteenth Amendment; and (2) imposition of an excessive fine under the Eighth Amendment.[2] Because the undisputed facts show that plaintiff was never actually fined by the Town, summary judgment on his Eighth Amendment claim must be granted to defendant without further discussion. *See Simic v. City of Chicago*, 851 F.3d 734, 739 (7th Cir. 2017) (Eighth Amendment excessive fine claim fails if no fine was imposed).

As for plaintiff's due process claim, the Fourteenth Amendment's Due Process Clause prohibits the government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In particular, the Due Process Clause affords procedural protections, such as notice and an opportunity to be heard, when the government deprives citizens of life, liberty, or property. *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 592 (7th Cir. 2021). To succeed on his due process claim, however, plaintiff must show that: (1) he was deprived of a property or liberty interest; and (2) he was entitled to more process than he received. *Id.*; *Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018). Here, plaintiff's claim fails on the first element because he has not established a protected

---

[2] The court notes that in plaintiff's summary judgment materials, he continues to make arguments about the ordinance itself, his substantive due process rights and equal protection. However, for reasons explained in this court's screening order (dkt. #3, at 4–6), plaintiff's allegations do not support claims under any of those legal theories.

property interest in obtaining a permit from defendant to operate his kayak business. *See Citizens Health Corp. v. Sebelius*, 725 F.3d 687, 694 (7th Cir. 2013) ("The threshold question in any due process challenge is whether a protected property or liberty interest actually exists.").

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (citation and internal quotations omitted). Moreover, entitlements are *not* created by the Constitution; rather, they are "defined by existing rules or understandings that stem from an independent source such as state law." *Bell v. Cty. of Cntry. Club Hills*, 841 F.3d 713, 717 (7th Cir. 2016) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

While plaintiff contends that he had a constitutionally protected interest in a business permit from the Town, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *FKFJ, Inc.* at 592 (quoting *Town of Castle Rock*, 545 U.S. at 756). Thus, "[t]o have a legitimate claim of entitlement to a government-issued benefit, like a license, a plaintiff must show that an ordinance 'provides substantive criteria which, if met, *dictate* the issuance of the license or permit.'" *Price v. City of Chicago*, No. 25 C 791, 2026 WL 636746, at *5 (N.D. Ill. Mar. 6, 2026) *(*quoting *New Burnham Prairie Homes, Inc. v. Vill. of Burnham*, 910 F.2d 1474, 1480 (7th Cir. 1990) (emphasis added)). Unfortunately for plaintiff in this case, Ordinance No. 01-17 expressly gives the Town Board discretion to grant or deny a business permit to a transient merchant.

Specifically, there is no language in the ordinance mandating or dictating that the Town issue a permit so long as the applicant satisfies certain express conditions. *Compare Khan v. Bland*, 630 F.3d 519, 528 (7th Cir. 2010) (due process claim failed where plaintiff had "not

shown that the relevant regulations established eligibility criteria that, if satisfied, entitled him to" benefit), *with Quick v. Illinois Dep't of Fin. & Pro. Regul.*, 468 F. Supp. 3d 1001, 1007 (N.D. Ill. 2020) (plaintiffs adequately alleged property interest in license where law contained language mandating issuance of licenses to qualified applicants).  Indeed, Ordinance No. 01-17 states only that permit applications "will be referred to the Town of Bell Board for their *consideration*."  (Dkt. #1-2, at 5) (emphasis added).  At most, the ordinance provides that the town board "*may*" deny the application for a number of reasons, including that the "required application information is incomplete" or "[t]he activity is not suitable or appropriate for the proposed location." (*Id.*)  Similarly, the ordinance neither defines "incomplete," "suitable" nor "appropriate," leaving those determinations to the board's discretion.

Here, the reasons the board gave for denying plaintiff's permit application were because its members did not think plaintiff had submitted required application information, nor did his business seem suitable for the location proposed.  In short, the Town Board had discretion to approve or deny plaintiff's permit application on a variety of general, subjective criteria, and exercised its discretion to deny the permit.  Thus, plaintiff has failed to prove the existence of a protected property interest in obtaining a permit to operate his kayak business.  Accordingly, defendant's motion for summary judgment on the due process claim must be granted as well.

## ORDER

IT IS ORDERED that:

1) Plaintiff Christopher Prysok's motions for leave to file notice clarifying basis for damages (dkt. #11) and to file additional facts (dkt. #38) are GRANTED.

2) Plaintiff's motion for summary judgment (dkt. #14) is DENIED.

3) Defendant Town of Bell's motion to strike (dkt. #28) is DENIED AS MOOT.

4) Defendant's motion for summary judgment (dkt. #39) is GRANTED.

5) The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 6th day of August, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge